**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID GIBSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:15-CV-02391 |
| | § | |
| TAMARRA SMITH, and | § | |
| UNITED STATES POSTAL SERVICE | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

On January 20, 2016, the parties consented to proceed before a magistrate judge for all purposes, including the entry of a judgment under 28 U.S.C. § 636(c). (Docket Entry #16). In this action, Plaintiff David Gibson ("Plaintiff," "Gibson") seeks to recover from Defendant United States of America ("United States"), for injuries caused by the alleged negligence of Defendant Tamarra Smith ("Smith"), a United States Postal Service ("USPS, "Postal Service") employee during the operation of a USPS vehicle. Pending before the court is a motion to dismiss and for summary judgment, which was filed by Defendants. (Defendants' Motion to Dismiss and Motion for Summary Judgment ["Defendants' Motion"], Docket Entry #10). Plaintiff has responded in opposition to the motion, and Defendants have filed a reply. (Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant United States Postal Service's Motion to Dismiss and Motion for Summary Judgment ["Response"], Docket Entry #13; Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss and Motion for Summary Judgment ["Reply"], Docket Entry #18). After considering the pleadings, the evidence submitted, and the applicable law, it is

**ORDERED** that Defendants' motion is **GRANTED**.

**Background**

On April 16, 2013, Tamarra Smith was working as a driver for the United States Postal Service. (Plaintiff's Original Petition ["Original Petition"], Docket Entry #1, at 2; Defendants' Motion at 1; Response at Exhibit ["Ex."] 2). On that date, Smith approached an intersection, to attempt a left turn, while Plaintiff David Gibson approached the same intersection, traveling in the opposite direction. (Response at Exhibit ["Ex."] 2). Smith apparently failed to yield the right of way,[1] and struck Gibson with her vehicle. (*Id*.). Plaintiff complains that he suffered property damage, and serious, debilitating injuries as a result of the collision. (Original Petition at 2; Response at Ex. 2.).  He claims, specifically, that the bumper and side panel of his car were damaged, and that his left  knee required sutures. (Response at Ex. 2). He also alleges that he suffered cervical neck fractures at the C5-6 and C6-7 levels, which required surgical treatment and physical therapy. (*Id*.). The parties agree that, at the time of the accident, Smith was driving a USPS vehicle, and that she was acting within the course and scope of her employment. (Defendants' Motion at 1; Original Petition at 2).

On April 15, 2015, Plaintiff filed an administrative "Claim for Damage, Injury, or Death" with the Accident and Claims Section of the United States Postal Service. (Response at 2, Ex. 1, Ex. 2, Ex. 3). However, Smith's claim was denied, because it was not received until April 20, 2015, which was four days beyond the two year statute of limitations period established by the Federal Tort Claims Act, 28 U.S.C. § 2401(b). (Defendants' Motion at Ex. 2, Ex. 3). In its letter denying the claim, the Postal Service also advised Gibson that "the United States of America is the only proper

---

[1]A Harris County Sheriff's Deputy cited Smith for failure to yield the right of way. (Response at Ex. 2).

defendant in a civil action brought pursuant to the Federal Tort Claims Act[.]" (*Id*. at Ex. 2).

On August 19, 2015, Plaintiff filed this action against Tamarra Smith and the United States Postal Service. In his original complaint, Gibson claims that Smith acted negligently in the operation of a USPS vehicle, proximately causing the injuries that he sustained. (Original Petition at 2). He also alleges that the Postal Service is responsible for Smith's conduct, as her employer, and, that it acted negligently in entrusting her with an automobile. (*Id*. at 3). On December 7, 2015, Plaintiff amended his complaint to add the United States of America as a party to the lawsuit, to clarify that Smith was driving a vehicle owned by the United States of America , and to point out that she was employed by the Postal Service at the time of the accident. (Plaintiff's Amended Petition ["Amended Petition"], Docket Entry #7, at 1).

On December 17, 2015, Defendants filed this motion to dismiss, for lack of subject matter jurisdiction, and for failure to state a claim, as well as a motion for summary judgment, under Rules 12(b)(1) and 12(b)(6), and 56 of the Federal Rules of Civil Procedure. In the first argument, Defendants contend that Plaintiff's suit must be dismissed, because he failed to present his claims within two years of the injuries alleged. (Motion to Dismiss at 5-7). The United States also argues that the court lacks subject matter jurisdiction, because Gibson has sued the wrong entity. (*Id*. at 7-10). In that regard, Defendants point out that the Federal Tort Claims Act provides a limited waiver of sovereign immunity for tort actions brought against the United States of America only, and does not allow a similar waiver for claims alleged against federal agencies or its employees. (*Id*. at 8-9). Finally, Defendants insist that Plaintiff's suit must be dismissed, because he has not complied with the Rule 4 requirement that the U.S. Attorney General be served within 120 days of the filing a complaint against the United States. (*Id.* at 10-12). Having reviewed the pleadings, the evidence, and

the applicable law, the court orders that Defendants' motion to dismiss for lack of subject matter jurisdiction is granted under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and that Plaintiff's claims are dismissed.

**Standard of Review**

### Dismissal Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of an action if the court lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc*., 402 F.3d 489, 494 (5th Cir. 2005) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014) (quoting *In re FEMA Trailer Formaldehyde Prods. Liab. Litig*., 646 F.3d 185, 189 (5th Cir. 2011)). In reviewing a Rule 12(b)(1) motion, the court may rely on any of the following to decide the matter: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Here, the court has considered the complaint, as well as the uncontested facts set out in the record.

If a Rule 12(b)(1) motion is filed with other Rule 12 motions, as in this case, the court should consider the jurisdictional attack, before addressing any challenge on the merits of the case. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606,

608 (5th Cir. 1977) (per curiam). This practice prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and does not prevent the plaintiff from pursuing the claim in a court with proper jurisdiction. *Id.*

A Rule 12(b)(1) motion to dismiss is characterized as either a "facial" attack, that is, the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, that is, the facts in the complaint supporting subject matter jurisdiction are questioned. *Turner Indus. Group, LLC v. Int'l Union Operating Eng'rs*, 8 F. Supp.3d 875, 883 (S.D. Tex. 2014). If, as in the present case, a defendant raises a "factual attack" on the court's subject matter jurisdiction, the court may consider any evidence submitted by the parties that is relevant to the issue of jurisdiction. *Gilkerson v. Chasewood Bank*, 1 F. Supp. 3d 570, 578 (S.D. Tex. 2014) (citing *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989)); *see Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *see also Williamson*, 645 F.2d at 412-13. A defendant making a factual attack on a complaint may provide supporting affidavits, testimony, or other admissible evidence. *Id.* To satisfy his burden of proof, the plaintiff may also submit documentation to show, by a preponderance of the evidence, that subject matter jurisdiction is present. *Id.* "The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Turner*, 8 F. Supp. 3d, 884. In resolving a factual attack, the "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Gilkerson*, 1 F. Supp. 3d at 578 (quoting *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981)). Further, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *In re The Complaint of*

5

*RLB Contracting, Inc*., 2014 WL 6865875 at *3, n.7 (5th Cir. 2014) (quoting *Williamson*, 645 F.2d at 413).

In this case, Defendants have made a "factual attack" on the court's subject matter jurisdiction, by submitting evidence in support of the Rule 12(b)(1) motion. That evidence consists of a picture of the government vehicle that Smith was driving at the time of the accident; Plaintiff's correspondence with the United States Postal Service National Tort Center; and an affidavit from Ms. Kimberly Herbst, a Supervisor and Tort Claims Examiner and Adjudicator for the United States Postal Service National Tort Center. (Defendants' Motion at Ex. 1, Ex. 2, Ex. 3). Plaintiff has countered with an affidavit from Dan Payne, a paralegal for the law firm that he hired to represent him in this suit; a copy of the administrative claim that he sent to Accident and Claims Section of the United States Postal Service; and the certified mail records and USPS tracking information documenting the shipping and delivery of his administrative claim. (Response at Ex. 1, Ex. 2, Ex. 3). In weighing the motion, then, the court has considered the entire record.

### Discussion

#### Sovereign Immunity

The doctrine of sovereign immunity "is that the United States cannot be sued at all without the consent of Congress.'" *St. Tammany Parish, ex rel. Davis v. FEMA*, 556 F.3d 307, 316 (5th Cir. 2009) (quoting *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983)); *see In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012); *Rothe Dev., Inc. v. United States Dep't of Defense*, 666 F.3d 336, 338 (5th Cir. 2011). The doctrine operates to preclude lawsuits against the United States, its agencies, and its employees acting in their official capacity, unless the United States waives immunity and consents to suit.

*F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). "Because '[s]overeign immunity is jurisdictional in nature,'. . . Congress's 'waiver of [it] must be unequivocally expressed in statutory text and will not be implied.'" *St. Tammany Parish*, 556 F.3d at 316 (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996); *F.D.I.C.*, 510 U.S. at 475.

In his amended complaint, Plaintiff alleges negligence against the United States of America, and Tamarra Smith, a federal employee. (Amended Petition at 2, 3); 28 U.S.C. § 2671 (defining the term "employee of the government"). Absent express congressional consent, this court may not exercise subject matter jurisdiction over Gibson's claims. *Bryan v. Stevens*, 169 F.Supp. 2d 676, 682 (S.D. Tex. 2001) (citing *U.S. v. Mitchell*, 463 206, 212, 103 S.Ct. 2961, 77 L.Ed. 2d 580 (1983). For that reason, the court must determine whether the Federal Tort Claims Act, 28 U.S.C. § 2401(b), provides an express waiver of immunity, or if Plaintiff's claims should be dismissed for lack of jurisdiction. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d at 286; *see also* FED. R. CIV. P. 12(h)(3) (providing, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

### *Statute of Limitations*

Under the  Federal Tort Claims Act ["FTCA" or "the Act"], the United States is liable for the negligence of its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. §§ 2671, 2674. The Act provides the exclusive remedy for tort claims against the United States or its agencies. Under the FTCA, a tort claim against the United States 'shall be forever barred[,]' unless it is *presented* to the 'appropriate Federal agency within two years after such claim accrues.' *United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1629 (2015) (quoting 28 U.S. C. § 2401(b)) (emphasis added); 28 U.S. C. § 2675(a). The FTCA further provides

that the claim must then be brought in federal court "within six months" after the agency acts on the claim. *Kwai Fun Wong,* 135 S.Ct. at 1629. As a general rule, a tort claim under the Act "accrues at the time of a plaintiff's injury." *Trinity Marine Products, Inc. v. U.S.,* 812 F.3d 481, 488 (5th Cir. 2016) (*quoting Johnson v. U.S.*, 460 F.3d 616, 621 (5th Cir. 2006).

In fact, the Fifth Circuit has recognized that "presentment" is a jurisdictional prerequisite to actions brought under the FTCA. *Barber v. United States*, No. 15-60614, 2016 WL 1253819, *at 1 (5th Cir. 2016) (citing *Cook v. United States*, 978 F.2d 164, 165-66 (5th Cir. 1992). This requirement is said to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States. *Life Partners Inc., v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011). "[B]ecause presentment is a 'condition [] upon which the government consents to be sued' under the FTCA's waiver of sovereign immunity, it 'must be strictly construed in favor of the United States.'" *Barber*, at *1 (quoting *Atorie Air, Inc. v.  F.A.A. of U.S. Dept. Of Transp.*, 942 F.2d 954, 958 (5th Cir. 1991)). Indeed, this court may not extend or narrow the waiver beyond what Congress intended. *Stiger v. United States*, No. 1:10-cv-817, 2014 WL 5088556, at *5 (citing *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

Gibson does not dispute that his cause of action accrued on April 16, 2013. Nor does he dispute that USPS received his administrative claim more than two years after that date. (Response at 2, 3). Instead, he argues that, under Texas law, a document "is considered filed as of the day of mailing[,]" and, for that reason, his administrative claim was timely filed. (*Id.*). The salient issue, then, is when a claim is "presented" to a federal administrative agency for purposes of the FTCA. However, the applicable federal regulations expressly state that "presentment" requires actual receipt

of the claim. Under 39 C.F.R. § 912.5 (a), "a claim shall be deemed to have been presented when the U.S. Postal Service *receives* from a claimant . . . an executed Standard 95 Form, or other written notification of an incident, together with a claim for money damages, in a sum certain, for . . . personal injury." 39 C.F.R. § 912.5 (a) (emphasis added); *see also* 28 C.F.R. § 14.2 (a) ("[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident[.]"). The regulations further provide that a claimant must have received a final written denial of his claim from that agency, prior to filing an action in district court. 28 C.F.R. § 2675 (a). The Fifth Circuit has stated that a claim is properly presented, within the meaning of § 2675 (a), "when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim." *Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 448 (5th Cir. 2014) (quoting *Transco Leasing Corp. V. U.S.*, 896 F.2d 1435, 1442, *amended on other grounds on reh'g*, 905 F.2d 61 (5th Cir. 1990)). The burden then rests with the claimant to prove that the federal agency received notice of the written claim, and merely mailing the claim will not suffice. *Bryan*, 169 F.Supp.at 684.

In this case, Plaintiff has not complied with the FTCA's presentment requirement within the limitations period. Gibson concedes that his administrative claim was received on April 20, 2015, which is beyond the two year statute of limitations period. (Response at 2). Nonetheless, he hopes that his claims are saved by the forum's "mailbox rule," which states that a party may mail a document on the date that it is due, and if that document arrives within ten days of mailing, it is considered filed as of the date of mailing. (Response at 2); *see* TEX. R. CIV. R. 5. However, Gibson may not "rewrite the [FTCA] and in effect repeal the regulation by holding that mailing alone is sufficient to meet the requirement that a claim be 'presented.'" *Bryan*, 169 F.Supp.at 686 (quoting

*Bailey v. U.S.*, 642 F.2d 344, 347 (9th Cir. 1981). Indeed, the agency is deemed to have received notice of his claim only if Gibson can establish that it received that claim within two years of the date of the incident giving rise to it. *See Stancomb v. U.S.*, 121 F. Supp.2d 1019, 1021 (E.D. Tex. 2000). The plain language of the Act and the pertinent regulations require receipt of the claim. Although Gibson has provided "evidence of mailing," that "does not show presentment," under the FTCA. *Barber*, 2016 WL 1253819, at *2 (quoting *Bailes v. U.S.*, 988 F.2d 1209, 1993 WL 82030 (5th Cir. March 11, 1993) (per curiam) (unpublished);[2] *Stevens v. Hayes*, No. A-11-CA-550 LY, 2012 WL 2572790 at * 7 (W.D. Tex. July 2, 2012) (citing *Drazan v. U.S.*, 762 F.2d 56, 58 (7th Cir. 1985) ("mailing is not presenting; there must be receipt"); *Lightfoot v. United States*, 564 F.3d 625, 628 (3rd Cir. 2009) (noting that "[c]ourts [] have almost uniformly concluded that the term 'presented' in the filing of an administrative claim means more than merely mailing the claim"); *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1252 (9th Cir. 2006) (holding that the mailbox rule does not apply to claims brought under the FTCA). On this record, Gibson's administrative claim was not filed in a timely fashion, and is "forever barred" by the FTCA's statute of limitations provision. *Stevens*, 2012 WL 2572790, at *7.

In sum, Plaintiff has failed to exhaust his administrative remedies, because he did not present his claims to the appropriate federal agency, prior to the expiration of the FTCA's two year statute of limitations period, as required by 28 U.S.C. §§ 2675 (a), 2401(b). For that reason, this court lacks jurisdiction to entertain Plaintiff's allegations. Further, there is no need to address Defendants' other arguments, and this action must be dismissed, with prejudice, for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

---

[2]5th Cir. R. 47.5.3 ("Unpublished opinions issued before January 1, 1996 are precedent.").

**Conclusion**

Accordingly, it is **ORDERED** that Defendants' motion to dismiss is **GRANTED**, and that this case is **DISMISSED** with prejudice.

**SIGNED** at Houston, Texas, this 15th day of April, 2016.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**

11